El Paso County - 327th District Court                              Filed 4/23/2020 10:53 AM
Case 3:20-cv-00154-DB   Document 1-2   Filed 06/01/20   Page 1 of 8
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV1386

| | |
|---|---|
| KYLEE M. PAUGH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOCKHEED MARTIN CORPORATION, )<br>)<br>Defendant. ) | Cause No. _____ |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, KYLEE M. PAUGH, complains of Defendant, LOCKHEED MARTIN CORPORATION, and for cause of action would show the court as follows:

**I. Discovery Control Plan**

1. Plaintiff Paugh intends for discovery to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

**II. Introductory Statement**

2. Plaintiff Paugh asserts Defendant Lockheed Martin Corporation discriminated against her because of her sex when it offered her male Tapestry Solutions, Inc. coworkers rights of first refusal for positions of employment, and did not offer her, the only female, a right of first refusal for a position of employment. Lockheed Martin was required to offer rights of first refusal for positions of employment to the service employees of Tapestry Solutions, Inc., a predecessor contractor, pursuant to Executive Order 13494, Federal Acquisition Regulations (FAR), the Service Contract Act, and, on information and belief, the company's contract with the United States' Department of the Army. Lockheed Martin offered her male coworkers rights of first refusal for positions of employment, and they accepted their offers and were hired. However, Lockheed Martin never offered

# EXHIBIT A-1

Plaintiff Paugh a right of first refusal for a position of employment, even though it was required. Lockheed Martin additionally discriminated against Plaintiff Paugh when it offered two of the men positions of employment who were not required to be offered rights of first refusal without ever offering her the required right of first refusal. Plaintiff Paugh further asserts Lockheed Martin continued its sex discrimination and retaliated against her because she filed a charge of discrimination by making false and/or intentionally misleading statements to the EEOC that derailed its investigation, resulted in the dismissal of the charges and issuance of the notice of right to sue, and caused her to have to file this lawsuit. The Defendants' actions are in violation of Title VII of the Civil Rights Act of 1964, as amended, and Section 21.051 and Section 21.055 of the Texas Labor Code.

### III. Parties

3. Plaintiff, KYLEE PAUGH, is a female individual residing in Fairborn, Ohio.

4. Defendant, LOCKHEED MARTIN, is a Maryland corporation doing business in El Paso County, Texas. Defendant's principal place of business is in North Bethesda, Maryland. Lockheed Martin can be served with process by serving its registered agent for service, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA. At all times alleged Defendant employed more than fifteen persons in each of 20 or more calendar weeks of the period of time hereinafter alleged, and was engaged in an industry affecting commerce.

### IV. Jurisdiction and Venue

5. The Court has jurisdiction over Defendant Lockheed Martin because it has been doing business in El Paso County, Texas and is amenable to service by a Texas court. The Court has jurisdiction over the controversy because the causes of action arose in El Paso County, Texas, the

claims are brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, and Chapter 21 of the Texas Labor Code, and because the damages are within the jurisdictional limits of the Court. Venue is proper in El Paso County, Texas.

6. All conditions precedent and jurisdictional prerequisites to filing suit have been met. Plaintiff Paugh timely filed her Charge of Discrimination with the EEOC, which was simultaneously filed with the Texas Workforce Commission, Civil Rights Division. On December 23, 2019, she filed her Second Amended Charge of Discrimination. The EEOC issued its Notice of Suit Rights on January 29, 2020. This lawsuit is timely filed within ninety days of receiving the notice. The Texas Workforce Commission, Civil Rights Division, issued its Notice of Right to File a Civil Action on April 20, 2020. This lawsuit is timely filed within sixty days of receiving that notice.

## V. Statement of Claims

7. The allegations of paragraphs 1 through 7 of this Petition are incorporated by reference into this paragraph.

8. Plaintiff Kylee Paugh is a woman.

9. In 2018, Tapestry Solutions, Inc. had the contract to provide DMPRC services to the United States' Department of the Army at Fort Bliss, Texas.

10. Plaintiff Paugh was employed by Tapestry Solutions, Inc. to work at Fort Bliss as a General Range Maintenance Worker from February 2018 through December 31, 2018. During her employment she learned to perform the work required for the positions of all her coworkers, Computer Operator II's, Electronic Technician III's, and Team Lead/IST's. She became qualified to perform all the DMPRC services required of Tapestry Solutions, Inc. by its government contract. Plaintiff Paugh's employment at Fort Bliss ended only because Tapestry Solutions, Inc.'s contract expired on December 31, 2018.

11. All of Tapestry Solutions, Inc.'s nine employees performing the DMPRC services at Fort Bliss in the positions of General Range Maintenance Worker, Computer Operator II, Electronic Technician III, and Team Lead/IST, were men with the exception of Plaintiff Paugh.

12. In March 2018, Defendant Lockheed Martin was selected as the prime contractor for the United States Department of the Army's TADSS Maintenance Program ("ATMP"). The seven-year Single Award ID/IQ contract was awarded for maintenance, sustainment, operations, and support of Army Training, Aids, Devices, Simulators, and Simulations (TADSS), Live-Fire Ranges, and Instrumentation Systems. The ATMP portfolio includes approximately 250,000 live, virtual, constructive, and gaming TADSS located at 422 sites worldwide.

13. Defendant Lockheed Martin's contract that includes the provision of DMPRC services to the United States' Department of the Army at Fort Bliss began on January 1, 2019. On information and belief, the contract is in excess of $2,500.

14. At Fort Bliss, Defendant Lockheed Martin's contract requires it to brief, instruct, and train Army users on installation/de-installation, set-up, maintenance, and performing mission tasks utilizing Training Aids, Devices, Simulators and Simulations (TADSS) on weapons platforms at the Digital Multi-Purpose Range Complex (DMPRC) and Digital Air/Ground Integration Range (DAGIR). The company is also required to maintain existing exportable training support packages that integrate training products and materials necessary to train the system. The digital ranges facilitate soldiers mastering the tactics, techniques and procedures of their assigned weapon systems to complete their wartime missions.

15. Defendant Lockheed Martin is a successor contractor for the provision of DMPRC services at Fort Bliss to the predecessor contractor, Tapestry Solutions, Inc.

16. During Plaintiff Paugh's employment with Tapestry Solutions, a "DISPLACED

4

EMPLOYEE RIGHTS ON SUCCESSOR CONTRACTS Under Executive Order 13495 and The Service Contract Act" was posted at her worksite. The notice is a filled out form of the U.S. Department of Labor, Wage and Hour Division, that notifies Tapestry Solutions service employees, including Plaintiff Paugh, that Lockheed Martin, the new contractor, is "generally required to offer employment to the employees who worked on the contract during the last 30 days of the current contract" with certain specified exceptions.

17.     During Plaintiff Paugh's employment and prior to October 31, 2019, Executive Order 13495 and the Federal Acquisition Regulation (FAR) 52.222-17 (48 CFR 52.222-17 Nondisplacement of Qualified Workers) which implemented the Executive Order in conjunction with Department of Labor regulations, required successor general and subcontractors on prime contracts in excess of $2,500 (See McNamara-O'Hara Service Contract Act, 41 U.S.C. §§6701-6707), like Lockheed Martin, to offer the predecessor contractor's service employees "a right of first refusal of employment under (its) contract in positions for which the service employees are qualified." The purpose of the requirement was to reduce the disruption to the delivery of services during the period of transition between contractors and to provide the Federal Government with the benefits of experienced and trained work force that was familiar with the Federal Government's personnel, facilities, and requirements.

18.     Executive Order 13495 also required, "There shall be no employment openings under the contract until such right of first refusal has been provided," and "Where a successor contractor does not initially offer employment to all the predecessor contract service employees, the obligation to offer employment shall continue for 90 days after the successor contractor's first date of performance on the contract." The Federal Acquisition Regulations implemented these requirements. See FAR 52.222-17(b)(2), 48 CFR §52.222-17(b)(2).

19. On information and belief, Defendant Lockheed Martin's contract to provide DMPRC services to the United States' Department of the Army at Fort Bliss includes a contract clause requiring it to give service employees of the predecessor contractor a right of first refusal of employment under the contract in positions for which they are qualified.

20. On information and belief, Defendant Lockheed Martin's contract to provide DMPRC services to the United States Department of the Army at Fort Bliss includes a contract clause prohibiting employment openings under the contract until service employees rights of first refusal have been provided, and a clause obligating it to offer employment to the predecessor contractor's employees for 90 days after its first date of performance on the contract if it did not initially offer employment to them.

21. Defendant Lockheed Martin never offered Plaintiff Paugh a right of first refusal for a position of employment to work performing DMPRC services at Fort Bliss. It never did so, even though it was required to do so because she was qualified to perform the work based on her education and work experience.

22. Instead of straight out offering rights of first refusal for positions of employment to the Tapestry Solutions, Inc. service employees, Defendant Lockheed Martin posted job openings and required the Tapestry Solutions employees to apply for positions of employment. On information and belief, all of Tapestry Solutions' employees applied for at least one of the nine posted positions of employment. Plaintiff Paugh applied for all nine posted positions for which she is qualified, General Maintenance Worker, Electronics Technician Maintenance I, Computer Operator II, and Computer Operator III. After reviewing the applications of the 19 candidates, all male except for Plaintiff Paugh, Defendant Lockheed Martin hired one man from outside of Tapestry Solutions and Lockheed Martin, and either cancelled or closed the remaining positions with no candidate hired.

On information and belief, that man was James Mendez who was hired as an Electronic Technician. Defendant Lockheed Martin offered rights of first refusal to the eight male Tapestry Solutions' employees, and the eight workers accepted the offers for the positions and were hired.

23.     On information and belief, Lockheed Martin was not required to offer rights of first refusal to two of the eight male Tapestry Solutions employees, Adam Granger and Sal Reyes. However, it nevertheless did so, even though Defendant Lockheed Martin was required to first offer Plaintiff Paugh a right of first refusal for the positions for which they were hired.

24.     On information and belief, if Defendant Lockheed Martin was not required to offer a right of first refusal of a position of employment to Plaintiff Paugh, then Defendant discriminated against Plaintiff Paugh because of her sex as she was a much more highly qualified person for the position for which Mr. James Mendez was hired.

24.     Defendant Lockheed Martin has stated that Plaintiff Paugh did not apply for the position for which Tapestry Solutions employee Adam Granger was hired without identifying the position for which he was hired. On information and belief, Mr. Granger was hired as an Electronic Technician. If Defendant Lockheed Martin was not required to offer a right of first refusal of a position of employment to Plaintiff Paugh, then Defendant discriminated against Plaintiff Paugh because of her sex by not posting the position for which he was hired. Plaintiff Paugh looked for and reviewed all postings of positions of employment with Lockheed Martin. On information and belief, if she did not apply for the position for which Mr. Granger was hired, then there was no posting of the position, and Defendant Lockheed Martin discriminated against her because of her sex when it failed to publish the open position and when it offered the position to him.

25.     Defendant Lockheed Martin has asserted reasons for its adverse actions against Plaintiff Paugh. Plaintiff asserts Defendant's stated reasons are false and/or mere pretexts and that

the real motivation for Defendant's actions were unlawful sex discrimination and retaliation. The Plaintiff further asserts that in the course of Defendant's creating evidence in an attempt to support a pretext, the Defendant retaliated against her by making false and/or intentionally misleading statements, "Of those nine requisitions (for positions of employment) - only one (444200BR) - resulted in a hire. The remaining requisitions were either cancelled or closed with no candidate hired."

26. As a proximate result of Defendant Lockheed Martin's conduct, Plaintiff Paugh has suffered lost wages and fringe and job benefits, emotional pain, suffering, inconvenience, mental anguish, and physical pain and suffering, and she will continue to suffer these in the future.

27. Defendant Lockheed Martin acted with malice or reckless indifference to the federal and state protected rights of Plaintiff Paugh, and she seeks punitive damages for this outrageous conduct.

28. As a proximate result of Defendant Lockheed Martin's conduct, Plaintiff Paugh has been compelled to hire an attorney and pay the attorney for legal services rendered and to be rendered in the preparation and trial of this case.

## VI.  Causes of Action

29. Sex Discrimination: Plaintiff Paugh asserts her sex was a motivating factor and consideration in Defendant Lockheed Martin's adverse employment decisions described above.

30. Retaliation: The above described act of Defendant Lockheed Martin was in retaliation for the Plaintiff's filing a charge of sex discrimination.

### Prayer for Relief

Wherefore, Plaintiff Paugh respectfully requests that this Court cite the Defendant to answer and appear, and upon final trial enter a judgment upon her favor and award the following:

1. Lost wages, back pay, front pay, lost benefits and any other necessary form of relief that will make Plaintiff whole;

2. Compensatory damages for Plaintiff's emotional pain, suffering, inconvenience, mental anguish, and physical pain and suffering, past and future.

3. Punitive damages;

4. Costs, including reasonable expert fees, including pursuant to Texas Labor Code Section 21.259;

5. Reasonable attorneys' fees, including pursuant to Texas Labor Code Section 21.259;

6. Plaintiff's costs;

7. Prejudgement and post-judgement interest as provided by law,

8. Such other and further relief to which Plaintiff may be entitled and as the court deems just, proper, and equitable.

### Jury Trial Demanded

Plaintiff demands trial by jury.

Respectfully submitted,

/s/ Perry Pinon
PERRY PINON
Attorney for Plaintiff
State Bar No. 16016350
1312 Montana
El Paso, Texas   79902
(915) 546-9190
perrypinonatty@aol.com