IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KYLEE M. PAUGH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:20-CV-00154-DB |
| | § | |
| LOCKHEED MARTIN CORPORATION | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
SECOND MOTION FOR PARTIAL DISMISSAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff files this response to Defendant's second motion for partial dismissal that seeks dismissal of the retaliation cause of action in Plaintiff's First Amended Complaint and dismissal of the factually related discrimination claim.

**I. Introduction**

Defendant's first motion for partial dismissal argued Plaintiff failed to state claims of retaliation and discrimination in regard to her claims based on its position statement to the EEOC. Defendant asserted the pleadings she filed in the State court before removal of the case to this Court failed to state a claim because she does not "identify a legally sufficient adverse employment action" and "because the action she did identify - statements made by Lockheed Martin to the EEOC during the course of an investigation into her charge of discrimination - are protected by a quasi-judicial privilege." Plaintiff responded to the motion, and moved for leave to amend so her pleadings could conform to the federal rules. Leave to amend was granted, and Plaintiff's First Amended Complaint was filed. This Court then denied Defendant's motion.

In its second motion, Defendant states Plaintiff's elaboration of the factual basis of her claims in her first amended complaint misses the point of its motion because it did not move for dismissal because her claims lack factual detail, but because they are not recognized as a matter of law. (Doc. 12, p. 1) Defendant makes the argument, but offers no cases in support. Inexplicably, Defendant cites only cases in which plaintiffs did not present or allege sufficient facts in support of claims that the false or misleading statements were adverse actions for which they could recover damages. The courts' reasoning in these cases suggests intentional false and misleading statements can be an adverse action in support of claims of retaliation and discrimination.[1] Defendant now asserts its statements to the EEOC are protected by absolute privilege. However, Defendant cites the same cases as in its first motion that argued they were protected by quasi-judicial privilege, and it does not counter the law and arguments Plaintiff presented in response to its first motion.

Defendant's second motion for partial dismissal is in essence a rehash of its first motion, and should likewise be denied. Plaintiff incorporates her response to Defendant's first motion into this response. In this response Plaintiff distinguishes cases newly cited by Defendant, and expands on her prior arguments.

## II. Argument and Authorities

A. **Plaintiff has legally actionable adverse actions for retaliation and discrimination based on statements Defendant made in the position statement it filed with the EEOC.**

"In Burlington Northern, the Supreme Court clarified that the 'adverse employment action'

---

[1] Defendant cites three cases in which orders on motions for summary judgment were reviewed, Scott v. Cleveland City of Tex., 2009 WL 10676572 at *14 (E.D. Tex. Dec. 17, 2009), Benningfield v. City of Houston, 157 F.3d 369, 367 (5th Cir. 1998), and Goins v. Cnty of Merced, 185 F. Supp. 3d 1224, 1238-39 (E.D. Cal. 2016) and one in which an order on a motion to dismiss was reviewed, Kiley v. Am. Soc. for the Prevention of Cruelty to Animals, 2006 WL 3457690, at *4 (S.D.N.Y. Nov. 28, 2006). In each of these cases, the courts' holdings that there was insufficient evidence or factual allegations for a cognizable claim suggests that with sufficient evidence and factual allegations there can be a legally cognizable claim that includes false or misleading statements as an adverse action.

is in fact not limited to 'workplace-related or employment-related retaliatory acts and harm.' The key question is whether the challenged action is 'materially adverse' in that it is 'harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" Porter v. Houma Terrebonne Hous. Auth. Bd. Of Com'rs, 810 F.3d 940, 945 (5th Cir. 2015) (Quoting from Burlington Northern and Santa Fe Railway Co. v. White, 548 U.S. 53, 57 (2006)).

While Defendant states it is not moving to dismiss because of a lack of factual detail, it argues "making allegedly false or misleading statements to the EEOC that did not specifically pertain to Paugh . . . could not have possibly dissuaded Paugh or any reasonable person from making or supporting a charge of discrimination with the EEOC and therefore cannot suffice as an actionable adverse employment action as a matter of law." (Emphasis added.) This statement implies there is a lack of factual allegations in Plaintiff's pleadings. What Defendant has done is to designedly make its argument in connection with the wrong discrimination claim.

Plaintiff asserts two kinds of discrimination occurred before she filed her first charge of discrimination.  The first is that she was discriminated against by being treated differently than her male Tapestry Solutions coworkers because Defendant did not offer her a right of first refusal of employment as it did to them. The second is that she was discriminated against in regard to her applications for employment. Defendant connects the motion to dismiss solely to Plaintiff's claims of discrimination in connection with her applications for employment. (See Defendant's statement of factual background in Doc. 12, p. 2) However, Plaintiff's retaliation claim and factually related discrimination claim are based on Defendant's intentionally false or intentionally misleading statements to the EEOC as they relate to Plaintiff's claim she was discriminated against by not being offered a right of first refusal. In that context Defendant's statements pertain to Plaintiff because it is obvious she would care greatly about Defendant's statements, as the statements were designed to

torpedo the investigation of the charge she cared enough to file. And, in that context Plaintiff has alleged cognizable claims with a common actionable adverse action.

Defendant's statements, "Of those nine requisitions - only one (444200BR) - resulted in a hire. The remaining requisitions were either cancelled or closed with no candidate hired" are intentionally false and misleading because Defendant did hire Plaintiff's Tapestry Solutions coworkers. Each applied for positions and were thus candidates for positions, and Defendant had to have hired them either by their acceptance of offers of first refusal of employment or by offers extended as a result of their applications for employment. These statements are the adverse action in support of the retaliation claim because in effectively saying Plaintiff's coworkers were not hired, it can be inferred Defendant sought to show Plaintiff that it could avoid an EEOC investigation and a finding of discrimination by the EEOC. This inference is supported by Defendant's delay of seven months in submitting its position statement in response to the EEOC's request, the first step in the EEOC's investigation of the charge of discrimination,[2] and its failure to address Plaintiff's assertion she was discriminated against by not being offered a right of first refusal.

Defendant's intentionally false or intentionally misleading statements is also evidence of continued discrimination against her because of her sex. It is an adverse employment action because Defendant had a continuing requirement to offer Plaintiff a right of first refusal until March 31, 2019, a period of about a month after it received the charge of discrimination.[3] Plaintiff filed her charge

---

[2] The request for a position statement and evidence from the employer is part of the EEOC's investigation of the charge of discrimination. See 29 CFR §1601.15. It is usually the first step of an EEOC investigation.

[3] Executive Order 13495 requires, "There shall be no employment openings under the contract until such right of first refusal has been provided," and "Where a successor contractor does not initially offer employment to all the predecessor contract service employees, the obligation to offer employment shall continue for 90 days after the successor contractor's first date of performance on the contract." Federal Acquisition Regulations implement the requirement. See FAR 52.222-17(b)(2), 48 CFR §52.222-

of discrimination on February 15, 2019. By February 25, 2019, Defendant should have received a copy of the charge from the EEOC, and with it the EEOC's request to submit a position statement and documents supporting its position within thirty days.[4] Defendant could have offered Plaintiff the right of first refusal between February 25 and March 31, 2019, but it did not despite knowing Plaintiff had filed a charge of discrimination. Defendant had a second chance to offer Plaintiff a right of first refusal, but it refused to do so. Instead, in September 2019 it made the false and misleading statements from which it can be inferred only one person was hired to perform the contract, a male employee. But, that can't possibly be true! Defendant's decision to make false and misleading statements in its position statement and not offer Plaintiff a right of first refusal of employment when it had a second chance of extending an offer was an intentional adverse act of discrimination. Since Defendant was aware of Plaintiff's charge of discrimination and the position statement could have been submitted during the period Defendant was required to extend the offer of right of first refusal, Defendant effectively told Plaintiff with its intentionally false or misleading statements, "even if you have filed a charge of discrimination, we are not going to offer you a right of first refusal of employment."

**B.     Defendant's statements to the EEOC are not protected by absolute privilege.**

Under Texas law, written and oral statements made during the course of judicial and quasi-judicial proceedings, including pre-trial/pre-hearing proceedings, are privileged and may not be

---

17(b)(2). Defendant's federal contract should include these requirements.

[4] The EEOC must serve a copy of the charge of discrimination on the employer within ten days after it has been filed. See 29 CFR §1601.14. When the EEOC serves the charge on the employer, it requests the employer to submit a position statement and documents supporting its position within thirty days. See the Questions and Answers for Respondents on EEOC's New Position Statement Procedures that was implemented on January 1, 2016:
https://www.eeoc.gov/employers/questions-and-answers-respondents-eeocs-new-position-statement-procedures.

raised in a resultant defamation action. The privilege afforded against defamation actions is founded on the "theory that the good it accomplishes in protecting the rights of the general public outweighs any wrong or injury which may result to a particular individual." Bird v. W.C.W., 868 S.W.2d 767, 771 (Tex. 1994)The Texas Supreme Court has declined to expand the privilege beyond libel and slander, and will allow statements in judicial proceedings to be used in other claims. Bird, at 771; James v. Brown, 637 S.W.2d 914, 916-18 (Tex.1982).

In arguing the statements in the position statement are protected by privilege, Defendant relies only on cases in which the plaintiffs sued under Texas law for defamation or for damages that are basically defamation damages. See Dick v. J.B. Hunt Transp., Inc., 772 F. Supp. 2d 806, 822-823 (N.D. Tex. 2011) (Privilege applied to plaintiff's libel claim.); Bird v. W.C.W., 868 S.W.2d 767, 771 (Tex. 1994) (Privilege applied to plaintiff's claim for damages that were "basically defamation damages.") Collins-Pearcy v. Mediterranean Shipping Co. (USA) Inc., 698 F. Supp. 2d 730, 765-66 (S.D. Tex. 2010) (Applied to plaintiff's libel claim.) Strickland v. Aaron Rents, Inc., 2006 WL 770578, at 14-15 (W.D. Tex. Mar. 24, 2006, EP-05-CA-013-DB) (Privilege applied to plaintiff's defamation claim.) Plaintiff asserts the Defendant's statements were used to fraudulently get the EEOC to end its investigation and dismiss her charge of discrimination, and to maliciously harm Plaintiff by showing her that it could do so with deception. Plaintiff's claims are for discrimination and retaliation in violation of the Texas Labor Code and Title VII. She does not assert a claim of defamation nor any claim that asserts "basically defamation damages." For these reasons alone, the statements in Defendant's position statement are not privileged in connection with this case.

Furthermore, the Fifth Circuit Court of Appeals has stated, "a jury may view "erroneous statements in [an] EEOC position statement" as "circumstantial evidence of discrimination," and a "jury is entitled to view them as circumstantial evidence of discrimination." (Emphasis added)

Burton v. Freescale Semiconductor, Inc., 798 F. 3d 222, 237-240 (5th Cir. 2015); Miller v. Raytheon Co., 716 F.3d 138, 144-145 (5th Cir. 2013); see also McInnis v. Alamo Comm. College Dist., 207 F.3d 276, 283-284 (5th Cir. 2000). The three cases cited above involve adverse actions in Texas. For these reasons, Defendant's statements in its position statement are not privileged. Furthermore, if such statements are circumstantial evidence of discrimination, there is no reason this evidence alone cannot be the basis for an independent claim of discrimination or retaliation, or both.

### III.  Conclusion and Prayer

Plaintiff's pleadings that state the Defendant's statements in its position statement are false and misleading are adverse actions in support of her retaliation and discrimination claims. Defendant has failed to prove Plaintiff does not have cognizable claims, and it has failed to prove the statements in its position statement are protected by absolute privilege. Plaintiff has pled sufficient facts in support of Defendant having committed adverse actions for which she can seek relief. For these reasons, Plaintiff asks the Court to deny Defendant's motion.

Respectfully submitted,

 /s/   Perry Pinon
PERRY PINON
Attorney for Plaintiff
State Bar No. 16016350
1312 Montana Ave.
El Paso, Texas   79902
(915)  546-9190
perrypinonatty@aol.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this the __8__ day of __July__ 20 _20_, Plaintiff's Response to Defendant's Second Motion for Partial Dismissal was served on Defendant by and through its attorneys of record, Micah R. Prude, Anthony J. Campiti, Catherine Barbaree, and the law firm of Thompson & Knight LLP, in the following manner:

CM/ECF       ____X____

                                                     /s/   Perry Pinon
                                                      Perry Pinon